UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD K. CHAN, an individual, ) | No. 09-3058 SC |
| ) | |
| Plaintiff, ) | ORDER DENYING REQUEST |
| ) | FOR JUDICIAL NOTICE |
| v. ) | |
| ) | |
| CONOCOPHILLIPS COMPANY, a Texas ) corporation and DOES 1 through 10, ) Inclusive, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On August 7, 2009, Plaintiff filed a Request for Judicial Notice in an attempt to persuade the Court to remand this matter to state court. Docket No. 12. On August 12, 2009, Defendant filed an Objection and Response to Plaintiff's Request for Judicial Notice. Docket No. 13. "A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Plaintiff did not file a motion to remand.

District courts have a duty to establish subject matter jurisdiction over removed actions sua sponte, whether the parties raise the issue or not. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). However, at the time of removal, Defendant is merely required to allege, not to prove, diversity. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Here, the Notice of Removal alleges that the

1  parties are of diverse citizenship and that the amount in
2  controversy exceeds $75,000.  Docket No. 1 ("Notice of Removal")
3  ¶ 5.  If, in fact, Plaintiff is not a citizen of California,
4  Plaintiff may file a motion challenging the Court's subject matter
5  jurisdiction.  The Request for Judicial Notice is DENIED.

7  IT IS SO ORDERED.

9  Dated: August 13, 2009

_____
UNITED STATES DISTRICT JUDGE

-2-